UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
JAMES MAHAN, :
: CASE NO. 1:13-CV-00165
Petitioner, :
:
vs. : OPINION & ORDER
: [Resolving Docs. 1, 7, 14, and 17]
JASON BUNTING, Warden, :
:
Respondent. :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Magistrate Judge Greg White recommends that this Court dismiss Petitioner James Mahan's 28 U.S.C. § 2254 petition.[1] Petitioner Mahan objects to the Magistrate Judge's recommendation.[2] For the following reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the recommendations of Magistrate Judge White, and **DISMISSES WITH PREJUDICE** the petition.[3]

**I. Background**

In habeas corpus proceedings instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by the state courts are presumed correct.[4] The Ohio Court of Appeals summarized the facts as follows:

> {¶ 2} In this case, defendant was indicted with 95 counts, including pandering sexually-oriented matter involving a minor, illegal use of a minor in nudity-oriented material or performance, and possessing criminal tools. The charges stemmed from the presence of certain files found on defendant's home computer as a result of an investigation conducted by Rick McGinnis ("McGinnis"). McGinnis is an investigator assigned to Ohio's Internet Crimes Against Children Task Force ("ICAC"). McGinnis utilized software known as "Peer Spectre," which identified an internet protocol ("IP") address

---

[1] Doc. 14.
[2] Doc. 17.
[3] Respondent filed a motion to dismiss. The Court denies the motion as moot given this opinion and order. *See* Doc. 7.
[4] 28 U.S.C. § 2254(e)(1).

Case No. 1:13-CV-00165
Gwin, J.

{¶ 2} associated with three files that he recognized from his experience as being child pornography. McGinnis prepared an affidavit and obtained a search warrant for defendant's residence.

{¶ 3} During the course of the proceedings, defendant filed a motion to compel certain information from the state, including a mirror image forensic copy of Peer Spectre and any and all instruction/operation and/or training manuals associated with Peer Spectre, and the software's source code. Defendant believed the information would reveal the functionality and calibration of the software, and asserted it was material to his defense in order to challenge the software's reliability and methodology.

{¶ 4} In opposition, the state maintained the requested discovery was not subject to disclosure by the state pursuant to Crim.R. 16. Specifically, the state indicated that Peer Spectre is maintained under the strict control and ownership of William Wiltse and is restricted to use by law enforcement. Wiltse supplied an affidavit wherein he averred that "without the source code, it is not possible to authenticate the function of the application or validate its 'calibration.' " Wiltse averred that the source code is not distributed. Officers are trained how to validate the findings of Peer Spectre by "conducting similar searches on the Gnutella network using freely available software applications." The state confirmed that it did not own or have in its possession a copy of the source code and maintained that it could not produce what it did not have. The trial court denied the motion to compel discovery from the state and instructed that defendant could contact the software company regarding issues pertaining to programming.

{¶ 5} The trial court conducted a hearing on defendant's motion to suppress and the motion was denied. Defendant then entered a plea of no contest and was found guilty. The trial court imposed an aggregate prison sentence of 16 years comprised of the following: eight year concurrent prison terms on 11 counts to be served consecutively with eight year concurrent prison terms on 70 other counts; all concurrent with four and one year prison terms on the remaining counts.[5]

The Ohio Court of Appeals affirmed Mahan's convictions on appeal,[6] and the Ohio Supreme Court denied leave to appeal.[7] Mahan now petitions this Court for a writ of habeas corpus.[8] Magistrate Judge Greg White recommended that the petition be denied.[9] Mahan

---

[5] *State v. Mahan*, 2011 WL 4600044 (Ohio Ct. App. Oct. 6, 2011).
[6] *Id.*
[7] *State v. Mahan*, 131 Ohio St. 3d 1458, 961 N.E.2d 1136 (Ohio 2012).
[8] Doc. 1.
[9] Doc. 14.

Case No. 1:13-CV-00165
Gwin, J.

objected to the Magistrate Judge's report and recommendation regarding grounds one and two.[10]

## II. Legal Standard

The Federal Magistrates Act requires a district court to "make a *de novo* determination of those portions of [a Report and Recommendation] to which objection is made."[11]  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits federal-court review of a state prisoner's petition for habeas corpus.  A federal court may not grant relief on a claim adjudicated on the merits in state court unless the state-court adjudication either

> (1) resulted in a decision that was contrary to, or involved an unreasonable application or, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[12]

The petitioner carries the burden of proof.[13]

## III. Analysis of Petitioner's Grounds for Relief

**A.   Ground One**

In Ground One, Petitioner Mahan says his right to due process was violated when the trial court denied his motion to compel discovery and failed to hold a hearing or issue findings of fact or conclusions of law.[14]  Mahan says that the discovery was essential to his defense and the denial violated his right to a fair trial.[15]

---

[10] Doc. 17.
[11] 28 U.S.C. § 636(b)(1)(C).
[12] 28 U.S.C. § 2254(d).
[13] *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (citing *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam)).
[14] Doc. 1 at 4.
[15] *Id.*

-3-

Case No. 1:13-CV-00165
Gwin, J.

On habeas review, a federal court only reviews constitutional violations,[16] and "[t]here is no general constitutional right to discovery in a criminal case[.]"[17] All the Constitution requires under the due process clause is that the defendant not be deprived of a fundamentally fair trial.[18]

Here, Mahan pled no contest to the charges. Respondent contends that Mahan waived his right to challenge the denial of his motion to compel citing *Tollet v. Henderson*.[19] In *Tollet*, the Supreme Court held that an *unconditional* guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations.[20]

However, the plea in this case was a *conditional* one. Mahan's counsel asserted during the plea hearing that Mahan was entering "a no contest plea, reserving the right to appeal the denial of the suppression motion . . . ."[21] Further, under Ohio law, the entry of a no contest plea does not waive a criminal defendant's right to appeal a trial court's ruling on a pre-trial motion.[22] The Supreme Court held in *Lefkowitz v. Newsome* that "when state law permits a defendant to plea guilty without forfeiting his right to judicial review of specified constitutional issues, the defendant is not foreclosed from pursuing those constitutional claims in a federal habeas corpus proceeding."[23] The Court does not see why a plea of no contest should be any different. Thus, the Court finds that Mahan has not waived review of his due process claim despite the fact that he entered a no contest

---

[16] *Lorraine v. Coyle*, 291 F.3d 416, 441 *opinion corrected on denial of reh'g*, 307 F.3d 459 (6th Cir. 2002).
[17] *Id.* (internal citation and quotation marks omitted).
[18] *Id.*
[19] *Tollett v. Henderson*, 411 U.S. 258 (1973).
[20] *Id.*
[21] Doc. 6-3 at 7.
[22] *See* Ohio Crim. R. 12(I) (stating "[t]he plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence").
[23] *Lefkowitz v. Newsome*, 420 U.S. 283, 293 (1975).

-4-

Case No. 1:13-CV-00165
Gwin, J.

plea.

However, the Court finds that Mahan's due process rights were not violated. As stated above, there is no general right to discovery in a criminal case. All that is required is that the defendant not be deprived of a fundamentally fair trial.[24] A prosecutor's failure to disclose evidence favorable to the defense only constitutes a denial of due process in the *Brady v. Maryland* context "where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."[25]

However, Mahan never raised a *Brady* claim in state court, and therefore it is procedurally defaulted.[26] But even if he did, it would likely not succeed because "[t]his rule is not violated—at least to the point of warranting habeas relief—unless the state actually suppresses evidence in its possession, and the suppressed evidence is material and favorable to the accused."[27] Here the government did not have the source code that the motion to compel asks for. "Due process does not require the police to seek and find exculpatory evidence."[28]

Accordingly, the Court overrules Petitioner's objections to Magistrate Judge Limbert's recommendation on Ground One.

**B.     Ground Two: Denial of a Motion to Suppress**

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground

---

[24] *Lorraine*, 291 F.3d at 441.
[25] *Stadler v. Curtin*, 682 F. Supp. 2d 807, 818 (E.D. Mich. 2010) *aff'd sub nom. Stadler v. Berghuis*, 483 F. App'x 173 (6th Cir. 2012) (quoting *Brady v. Maryland*, 373 U.S. 83, 87 (1963)).
[26] *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000).
[27] *Stadler*, 682 F. Supp. 2d at 818.
[28] *Id.*

Case No. 1:13-CV-00165
Gwin, J.

that evidence obtained in an unconstitutional search or seizure was introduced at his trial."[29] A two-part inquiry resolves whether or not *Stone v. Powell* precludes federal habeas review of a Fourth Amendment claim. "First, the 'court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism.'"[30]

In the abstract, Ohio provides an adequate procedural mechanism for the litigation of Fourth Amendment claims in the form of a pretrial motion to suppress under Ohio Rule of Criminal Procedure 12 and a direct appeal as of right pursuant to Ohio Rules of Appellate Procedure 3 and 5. Therefore, under the first inquiry, Ohio's mechanism for the resolution of Fourth Amendment claims is adequate.[31]

Since Ohio provides an adequate procedural mechanism for raising suppression claim, the Court must determine whether presentation of the Fourth Amendment argument was frustrated because of a failure in the procedural mechanism to allow for the opportunity for full and fair litigation of the suppression claim. Mahan says that "[b]y upholding the denial of the motion to compel and then shifting the burden to the Petitioner to demonstrate that he was not sharing his files, the appellate court frustrated Petitioner's ability to present his claim."[32]

However, Petitioner Mahan was able to present his Fourth Amendment claims to the Ohio courts and that these claims were carefully considered before being rejected at the trial level and on

---

[29] *Stone v. Powell*, 428 U.S. 465, 494 (1976) (internal citation omitted).
[30] *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir.2000) (quoting *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir.1982)).
[31] *Riley*, 674 F.2d at 526.
[32] Doc. 17 at 8-9.

Case No. 1:13-CV-00165
Gwin, J.

appeal.

Before his trial, Mahan's counsel filed a motion to suppress, arguing the search warrant was not supported by probable cause because the affidavit relied on failed to provide sufficient information as to the functioning of the Peer Spectre software.[33] The trial court then held a suppression hearing, where Mahan's counsel was able to cross-examine the state's witness, Detective Rick McGinnis, on the extent of his knowledge on the functioning of the Peer Spectre software.[34] The trial court then explained on the record the basis for denying the motion to suppress.[35]

Mahan then appealed the decision to the Ohio Court of Appeals, which carefully considered and rejected his Fourth Amendment claim.[36] Specifically, the appellate court rejected Defendant's assertion that the state's witness's inability to testify as to the specific functioning of the Peer Specture wrongly placed the burden of proof on him and rejected Defendant's claim that McGinnis's affidavit could not be based on information he obtained through Peer Spectre in the absence of testimony regarding the its technical functioning, the basis for Petitioner's motion to compel.[37] The Supreme Court of Ohio later denied Mahan's leave to appeal.[38]

In light of these full and fair proceedings in the Ohio courts, Mahan has not shown a failure of Ohio's procedural mechanism or that such a failure prevented him from litigating his Fourth Amendment claim. Accordingly, Mahan's Fourth Amendment claim is not cognizable on habeas review under the doctrine of *Stone v. Powell*, and the Court overrules Petitioner's objection on this

---

[33] Doc. 7-7.
[34] Doc. 6-3 at 76-124.
[35] *Id.* at 175-197.
[36] *State v. Mahan*, 2011 WL 4600044 (Ohio Ct. App. Oct. 6, 2011).
[37] *Id.* at *4-5.
[38] *State v. Mahan*, 131 Ohio St. 3d 1458, 961 N.E.2d 1136 (Ohio 2012).

Case No. 1:13-CV-00165
Gwin, J.

ground.

### V. Conclusion

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the recommendations of Magistrate Greg White as amended by this opinion, and **DISMISSES WITH PREJUDICE** Mahan's petition. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[39]

IT IS SO ORDERED

Dated: March 20, 2014       *s/ James S. Gwin*
                   JAMES S. GWIN
                   UNITED STATES DISTRICT JUDGE

---

[39] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).